U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 20 2018

TONY R. MOORE, CLERK
BY: _____
DEPUTY

THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON EUGENE #388863** | 18-cv-1077 |
| Full Name of Plaintiff, Prison Number | Civil Action |
| VS. | |
| | Judge |
| **MEDICAL SERVICE, WINN CORR. CENTER** | |
| Defendant | Magistrate Judge |

## COMPLAINT

1. **Previous Lawsuits**

   A. Have you begun any other lawsuit while incarcerated or detained in any facility?
   Yes _____  No __√__

   B. If your answer to the proceeding question is yes, provide the following information.

      1. State the court(s) which each lawsuit was filed (if federal, identify the District; if state court, identify the county or parish):

         _____

         _____

      2. Name the parties to the previous lawsuit(s):

         Plaintiffs: _____

         Defendants: _____

      3. Docket number(s): _____

      4. Date(s) on which each lawsuit was filed: _____

      5. Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

         _____

  C. Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?
    Yes. _____  No. \_\_√\_\_\_\_\_

    If your answer to the proceeding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

    _____

    _____

II. A. Name of institution and address of current place of confinement:

    \_\_Winn Correctional Center, P.O. Box 1435, Winnfield, LA 71483_____

  B. Is there a prison grievance procedure in this institution?
    Yes. \_\_√\_\_\_\_\_  No. _____

   1. Did you file an administrative grievance based upon the same facts which form the basis of the lawsuit?
    Yes. \_\_√\_\_\_\_\_  No. _____
    If Yes, what is the Administrative Remedy Procedure number? <u>WNC-BJG-17-067</u>

   2. If you did not file an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

    _____

    _____

   Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. **Parties to Current Lawsuit:**

    A. Name of Plaintiff _____ Jason Eugene #388863 _____

    Address _____ WNC, P.O. Box 1435, Winnfield, LA 71483 _____

    B. Defendant, _____ Keith Deville _____, is employed as

    _____ Warden _____ at _____ Winn Correctional Center _____

    Defendant, _____ Jody Floyd _____, is employed as

    _____ Deputy Warden _____ at _____ Winn Correctional Center _____

    Defendant, _____ Bill Tigner _____, is employed as

    _____ Asst. Warden _____ at _____ Winn Correctional Center _____

    Additional defendants _____ H.S.A. Randi Price; N.P. Kathleen Richardson _____

IV. **Statement of Claim**

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the place where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

1. Plaintiff Jason Eugene, hereinafter Eugene, is an adult prisoner in custody of the Louisiana Department of Corrections housed at the Winn Correctional Center located in the proximity of Winnfield, Louisiana.

2. Eugene complains that by policy, practice, and custom, he is being denied and subjected to delayed qualified, negligent medical care.

3. On or about October, 2015, LaSalle Management assumed operations of Winn Correctional Centre (Winn).

4. Since assuming operations, budget cuts were implemented through legislation that affected correctional services provided to offenders.

5. For example, LaSalle Management and/or Warden Deville, terminated the employment of the majority of medical personnel, school and vocational teachers, etc.

6. Policy and custom implement that there are no medical personnel at the facility between the hours of 4:00 p.m. through 4:00 a.m.

7. Policy and custom implement that there are no medical personnel at the facility on weekends.

8. Due to the "budget cuts" policy and custom implement that offenders do not receive timely access to qualified health care.

9. Due to budget cuts, offenders that are in need of dentures are denied same.

10. Due to budget cuts, untrained staff are permitted to make prognostications that are within the purview of trained physicians.

11. For example, Eugene arrived at Winn on May 3, 2016.

12. On or about October 31, 2016, Eugene submitted a written request to be seen by a dentist as he was suffering from broken and decayed teeth associated with severe pain, fever, swollen gums, abscesses, bleeding gums, sleeplessness, etc.

13. On August 31, 2017, approximately ten months later Eugene was finally examined by a dentist. (Name unknown).

14. The dentist subsequent to examination through x-rays, extracted six of Eugene's teeth.

15. On or around September of 2017, the dentist extracted six more teeth from Eugene.

16. On or around October of 2017, the dentist extracted eight more teeth from Eugene.

17. On or around November of 2017, the dentist extracted eight more teeth from Eugene.

18. On December 4, 2017, Eugene submitted a written request to Medical Director Randi Price requesting dentures and treatment for Hepatitis.

19. On December 6, 2017, Price responded and expressed "you are in clinic for hepatitis and they monitor labs. As long as your labs are normal with yours are good that's all that needs to be done." (Eugene had made a prior request for treatment of his hepatitis to no avail).

20. On March 5, 2018, Eugene submitted a written letter to Warden James Deville (Deville) requesting treatment for his hepatitis and possibly a transfer if the treatment could not be provided at Winn.

21. Warden Deville did not respond.

22. Eugene also utilized the Administrative Remedy Procedure to address the failure to provide dentures, hepatitis treatment as well as the delay in connection with the need for dental treatment overall to no avail.

23. Eugene avers his condition left untreated has the potential to progress to cirrhosis of the liver, jaundice, ascites, hemorrhaging, abdominal pain, internal bleeding, etc.

24. Eugene avers if his condition is left untreated, could result in the need for liver transplant.

25. At all times relevant herein, the defendants acts were intentional while acting

under the color of state law.

26. Each defendant is sued herein their official and individual capacity.

27. Eugene invokes the supplemental jurisdiction of this Court over any and all state law claims.

28. Secretary LeBlanc is statutorily responsible for creating policies of the Department; and for the administration, control, operations, functions, programs, and affairs of the Department. He is sued in official and individual capacity.

## CLAIMS

1. Plaintiff incorporates by reference that the conduct complained of in paragraphs 12 through 17 violates the ban on cruel and unusual punishment in violation of the Eighth Amendment as the defendants ten month delay in providing medical treatment for his serious medical needs exhibited deliberate indifference to same.

2. Plaintiff incorporates by reference that the conduct complained of in paragraphs 18 through 24 violates the ban or cruel and unusual punishment in violation of the Eighth Amendment as the defendant's refusal to treat his hepatitis exhibits deliberate indifference to his serious medical needs.

3. Plaintiff incorporates by reference that the conduct complained of in paragraphs 12 through 17 was the proximate cause of his pain, swollen and bleeding gums, abscesses, sleeplessness, wherein a reasonable and prudent person should have foreseen that a ten month delay in providing dental services would result in same. Liability is imputed to the defendants pursuant to La. C.C. Art. 2315.

V. **Relief**

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no case or statutes.

1. Compensatory damages          $40,000.00

2. General damages:

    A.     Pain and suffering          $50,000.00

    B.     Mental anguish          $40,000.00

    C.     Fright          $10,000.00

3. Punitive damages          $75,000.00

VI. **Plaintiff's Declaration**

A. I declare under the penalty of perjury that all of the facts represented in this complaint and any attachments hereto is true and correct.

B. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

C. I understand that I may not proceed without prepayment of cost if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this __14__ day of __August__, 20__18__.

__388863__
Prisoner No. (Louisiana Department of Corrections or Federal Bureau of Prisons)

__[signature]__
Signature of Plaintiff