# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| JASON EUGENE, Plaintiff | CIVIL ACTION NO. 1:18-CV-1077-P |
| VERSUS | JUDGE DEE D. DRELL |
| KEITH DEVILLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Jason Eugene ("Eugene") (#388863). Eugene is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Eugene complains that he was denied adequate medical and dental care.

## I. Background

Eugene alleges that he sought dental treatment on October 31, 2016, due to "broken and decayed teeth associated with severe pain, fever, swollen gums, abscesses, bleeding gums, [and] sleeplessness." (Doc. 1, p. 4). Eugene was examined by a dentist 10 months later. In August 2017, the dentist extracted six teeth. The following month, the dentist extracted six more teeth. (Doc. 1, p. 4). Eight additional teeth were extracted in October, and eight more in November, 2017. (Doc. 1, p. 5).

In December 2017, Eugene submitted a request for dentures and treatment for Hepatitis C. In response to Eugene's request, Medical Director Randi Price responded: "You are in clinic for hepatitis and they monitor labs. As long as your labs

are normal with [sic] yours are good that's all that needs to be done."  (Doc. 1, p. 5).  In January 2018, Eugene's chart was reviewed, and weekly weight checks were ordered in addition to a soft food diet.  (Doc. 1-2, p. 6).

In March 2018, Eugene submitted a letter to Warden Deville requesting treatment for Hepatitis C and a transfer to another facility.  (Doc. 1, p. 5).  Eugene alleges he filed an administrative grievance for the failure to provide dentures and Hepatitis treatment, as well as the 10-month delay in receiving dental care.  (Doc. 1, p. 5).  Eugene claims he did not obtain relief and, untreated, his Hepatitis C could harm his liver and necessitate a transplant in the future.  (Doc. 1, p. 5).

## II.  Instructions to Amend

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners.  See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976).  Deliberate indifference "is an extremely high standard to meet."  Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted).  An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs."  Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Eugene claims that he sought dental treatment on October 31, 2016.  Eugene shall amend his complaint to state whether he submitted any additional written

requests for dental treatment or filed additional sick calls regarding dental complaints. If so, Eugene should state each date on which he requested dental or medical care related to dental complaints, and what response he received to each request.

Eugene should also state whether he appealed the warden's denials of his administrative grievances. If so, Eugene should provide copies of the responses received at each level.

III. Conclusion

IT IS ORDERED that Eugene file a supplemental complaint within 30 days of the filing of this Order specifically providing the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __30th__ day of October, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge