## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| JASON EUGENE,<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-1077-P |
| VERSUS | JUDGE DEE D. DRELL |
| KEITH DEVILLE, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Jason Eugene ("Eugene") (#388863). Eugene is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Eugene complains that he was denied adequate medical and dental care.

Because he cannot state a claim of deliberate indifference or supervisory liability, Eugene's complaint should be dismissed.

## I. Background

Eugene alleges that he sought dental treatment on October 31, 2016, due to "broken and decayed teeth." (Doc. 1, p. 4). Eugene alleges he was first examined by a dentist 10 months after his request. In August 2017, the dentist extracted six teeth. The following month, the dentist extracted six more teeth. (Doc. 1, p. 4). Eight additional teeth were extracted in October, and eight more in November 2017. (Doc. 1, p. 5).

In December 2017, Eugene submitted a request for dentures and treatment for Hepatitis C.  In response to Eugene's request, Medical Director Randi Price stated: "You are in clinic for hepatitis and they monitor labs.  As long as your labs are normal with [sic] yours are good that's all that needs to be done."  (Doc. 1, p. 5).  In January 2018, Defendant Price reviewed Eugene's chart and responded that weekly weight checks were being conducted and a soft food diet was prescribed.  (Doc. 1-2, p. 6, Doc. 11-1, p. 3).  Defendant Price reminded Eugene that dentures were not guaranteed. (Doc. 11-1, p. 3).

In March 2018, Eugene submitted a letter to Warden Deville requesting treatment for Hepatitis C and a transfer to another facility.  (Doc. 1, p. 5).  Eugene alleges he filed an administrative grievance for the failure to provide dentures and Hepatitis treatment.  (Doc. 1, p. 5).  Eugene claims he did not obtain relief and, untreated, his Hepatitis C could harm his liver and necessitate a transplant in the future.  (Doc. 1, p. 5).

In an amended complaint, Eugene claims the prison has a policy of denying dentures, which is unconstitutional.  (Doc. 10).

II.    **Law and Analysis**

A.    **Eugene's complaint is subject to screening under §§ 1915(e)(2) and 1915A.**

Eugene is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Eugene's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).

Because he is proceeding *in forma pauperis*, Eugene's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B.    Eugene has not alleged deliberate indifference by Defendants.**

Eugene complains that he is being denied dentures and treatment for Hepatitis C, and he was subjected to an unconstitutional delay in obtaining dental treatment.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical

needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

A delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm. See Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006).

First, Eugene's allegations do not support a claim that he has a serious medical need for dentures. (Docs. 1, 10, 11-1); see Bell v. Louisiana Dep't of Public Safety and Corrections, 685 F. App'x 327 (5th Cir. 2017) (per curiam) (concluding that the plaintiff's allegation he was denied dentures pursuant to prison policy fails to state an Eighth Amendment deliberate indifference claim because he did not "identify a specific, substantial risk of serious harm to his health that prison officials have knowingly or wantonly disregarded"). Eugene does not allege that any medical care provider has determined dentures were medically necessary. Eugene's weight is monitored, and he is provided a soft food diet. (Doc. 1-2, p. 6). Eugene's allegations and exhibits (Docs. 1, 10, 11) do not indicate that the lack of dentures is preventing him from getting sufficient nutrition or that there is any other basis for a determination that the lack of dentures poses a substantial risk of serious harm to Eugene's health or safety. See id.; Young v. Ferrell, 2:17-CV-339, 2018 WL 1998965, at *5 (S.D. Tex. Mar. 30, 2018), report and recommendation adopted, 2:17-CV-339, 2018 WL 1997280 (S.D. Tex. Apr. 27, 2018).

It does not appear that Eugene submitted a grievance regarding the purported delay in seeing a dentist. He was examined on October 31, 2016, when he made a

dental sick call.  Although it took 10 months to schedule his first dental extractions, Eugene provides no allegations to support a claim that the delay was due to deliberate indifference.  Nor does Eugene claim that the delay caused the need for extractions. When Eugene sought treatment, the teeth were already "broken and decayed."  (Doc. 1, p. 4).

Eugene's allegations and exhibits do not indicate his medical complaints are being ignored.  Eugene was noted to have normal blood pressure on 5/3/16, but elevated blood pressure on 10/31/16 at his dental call out.  (Doc. 1, p. 9).  Nurse Practitioner Richardson issued "call-outs" for Eugene to report to the medical department on 12/20/16 and 3/1/17, but Eugene failed to show.  (Doc. 1, p. 9). Nonetheless, Eugene continues to be monitored in the chronic care clinic.  (Doc. 1, p. 9).  As of 11/1/17, Eugene's lab work was normal and better than the year before. (Doc. 1, p. 10).  Eugene's blood work, weight, and blood pressure are all being monitored regularly.  (Docs. 1, 11).

Clearly Eugene disagrees with the medical opinion of the treating dentist or physician, but a disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care.  See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Even if Defendants were negligent in the treatment of Eugene, such conduct does not rise to the level of a constitutional violation.  See Daniels v. Williams, 474

5

U.S. 327, 333–34 (1986); <u>Davidson v. Texas Dept. of Criminal Justice</u>, 91 F. App'x 963, 965 (5th Cir. 2004) (citing <u>Stewart</u>, 174 F.3d at 534).

### C. Eugene cannot state a claim against supervisory officials.

Finally, to the extent Eugene seeks to hold Defendants liable as supervisors, his claim fails. Supervisors may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivations; or (2) they implement unconstitutional policies that causally result in the plaintiff's injuries. See <u>Mouille v. City of Live Oak, Tex.</u>, 977 F.2d 924, 929 (5th Cir. 1992), <u>cert. denied</u>, 508 U.S. 951 (1993). Eugene does not allege that any of the Defendants affirmatively participated in acts that caused a constitutional violation. Eugene alleges that Defendants implemented an unconstitutional policy that caused him injury. Specifically, Eugene claims that the prison has a policy of denying inmates dentures. However, the policy cited by Eugene actually states: "[W]e do not provide dentures or other cosmetic devices to enhance appearance. In the event the dentist deems it medically necessary, a co-pay charge of $2.00 will be applied for any dental appliances (i.e. bridges, dentures, etc.)." (Doc. 10-1, p. 15). The policy clearly provides that dentures may be issued if they are medically necessary, but they are not provided to enhance appearance. Eugene provides no authority to support his argument that such a policy is unconstitutional.

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __19th__ day of December, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge