a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JASON EUGENE,                          CIVIL DOCKET NO. 1:18-CV-1077-P
Plaintiff

VERSUS                                 JUDGE DRELL

KEITH DEVILLE, ET AL.,                 MAGISTRATE JUDGE PEREZ-MONTES
Defendants

MEMORANDUM ORDER

Before the Court, on partial remand from the United States Court of Appeal for the Fifth Circuit, is the civil rights Complaint and Amended Complaint (ECF Nos. 1, 10) under 42 U.S.C. § 1983 of *pro se* Plaintiff Jason Eugene ("Eugene"). Eugene is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Bossier Parish Reentry Facility in Plain Dealing, Louisiana. Eugene challenges the medical care he received at Winn Correctional Center ("WCC").

To determine whether Eugene's constitutional rights were violated regarding the alleged delay in dental treatment, the claim should be SERVED.

I.    Background

Eugene alleged that he sought dental treatment due to "broken and decayed teeth." ECF No. 1 at 4. Eugene alleged that he was first examined by a dentist 10 months after his request, and the dentist extracted six teeth. The following month, the dentist extracted six more teeth. ECF No. 1 at 4. Eight additional teeth were extracted in the months that followed. ECF No. 1 at 5.

In December 2017, Eugene submitted a request for dentures and treatment for Hepatitis C. In response to Eugene's request, Medical Director Randi Price stated: "You are in clinic for hepatitis and they monitor labs. As long as your labs are normal with [sic] yours are good that's all that needs to be done." ECF No. 1 at 5. In January 2018, Defendant Price reviewed Eugene's chart and responded that weekly weight checks were being conducted and a soft food diet was prescribed. ECF No. 1-2 at 6, ECF No. 11-1 at 3. Defendant Price reminded Eugene that dentures were not guaranteed. *See id.*

In March 2018, Eugene submitted a letter to Warden Deville requesting treatment for Hepatitis C and a transfer to another facility. ECF No. 1 at 5. Eugene alleges he filed an administrative grievance for the failure to provide dentures and Hepatitis treatment. *See id.* Eugene claims he did not obtain relief and, untreated, his Hepatitis C could harm his liver and necessitate a transplant in the future. *See id.*

In an amended complaint, Eugene claims the prison has a policy of denying dentures, which is unconstitutional. ECF No. 10.

The Court denied and dismissed Eugene's Complaint. ECF No. 16. Eugene appealed, and the United States Court of Appeals for the Fifth Circuit affirmed in part, but remanded Eugene's claim regarding a delay in dental treatment. ECF No. 22.

II.     Service of Process

In order to determine whether Defendants violated Eugene's constitutional rights regarding a delay in medical treatment, THE CLERK IS DIRECTED to serve upon Eugene at his last known address a copy of this Order, two (2) summons forms, and one (1) USM-285 form for each Defendant.

Eugene must then furnish to the *Clerk of Court, 515 Murray Street, Alexandria, LA 71301*, within thirty (30) days after service of this Order:

-       one (1) copy of the COMPLAINT (ECF No. 1) and AMENDED COMPLAINT (ECF No. 10);

-       two (2) completed SUMMONSES; and,

-       one (1) completed USM-285 FORM

for each Defendant.  After the foregoing documents have been furnished,

THE CLERK IS DIRECTED to serve Defendants through the United States Marshals Service with a copy of the Complaint and Amended Complaint (ECF Nos. 1, 10), the appropriate summons, a copy of the Judgment of the Fifth Circuit (ECF No. 22), and a copy of this Order.

IT IS ORDERED that Defendants file a response to the sole remaining claim in the Complaint (ECF No. 1) regarding the alleged delay in dental care within twenty-one (21) days after service.

The parties shall have a period of sixty (60) days following the filing of an answer to complete all appropriate discovery.

Thereafter, and not before, if deemed appropriate, Plaintiff or Defendants may file a motion for summary judgment within thirty (30) days of the end of discovery,

to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief. If, in violation of this Order, a motion for summary judgment or alternative motion for summary judgment is filed before an answer is filed or before the time for discovery has elapsed, the motion for summary judgment will be summarily denied or stricken as in violation of this Order, and sanctions may be imposed.

**Any party not filing a motion for summary judgment SHALL FILE a STATEMENT OF ISSUES within the same period, which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none. This statement will be used by the Court to determine the necessity for an evidentiary hearing.**

All documentary exhibits accompanying the motion, including medical records, MUST BE APPROPRIATELY BOUND AND THE PAGES MUST BE NUMBERED. An INDEX shall also be submitted describing each item attached to the response and showing each item's page number.

Additionally, within twenty-one (21) days of Defendants' first appearance (filing of an answer or motion), or within thirty (30) days after service of the summons and complaint if Defendants have made no appearance, Defendants shall provide to Plaintiff all medical records, warden's unusual occurrence reports, and any other documents pertinent to the issues in this case, including medical records from any outside treatment providers. Fed. R. Civ. P. 26(a)(1). Defendants shall contemporaneously file an indexed copy of these documents under seal with the

4

Court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met.

If Plaintiff is not in receipt of these documents within the prescribed time period, Plaintiff may file a motion to compel such responses from Defendant(s). Any such motion must contain a motion and memorandum in support and a proposed order, separately captioned and with a certificate of service stating that "a copy has been sent to Defendants by mailing same, via United States mail, to Defendants' counsel."

Any physician, medical facility, or other health care provider that has examined or administered treatment of any kind to Plaintiff relative to the complaint is ORDERED to release to any party herein, pursuant to any request of that party, and at that party's expense, any and all such medical records that it may possess.

IT IS FURTHER ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Plaintiff or Defendants shall include a certificate indicating that a copy thereof has been furnished to the other parties, specifically stating the name and address of each party (or his attorney) to whom a copy of the pleading was sent.

A paper copy of any appeal or objections filed in this case SHALL be provided to the district judge (in addition to filing in CM/ECF).

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 7th day of May 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE