**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

JASON EUGENE(#388863)                CIVIL ACTION NO. 1:18-CV-1077 - P

                                     JUDGE DRELL

V.

KEITH DEVILLE, WARDEN,               MAGISTRATE  JUDGE PEREZ-MONTES
ET AL

### ANSWER TO COMPLAINT AND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come Defendants, WARDEN KEITH

DEVILLE AND JODY FLOYD, who deny all allegations of the Complaint [Doc. 1] and Amended

Complaint [Doc. 10] and all other filings and pleadings except for those allegations which are

admitted, modified or explained and who, with respect, represent the following:

### FIRST DEFENSE

The Complaint and Amended Complaint fail to state a claim upon which relief may be

granted.

### SECOND DEFENSE

The Complaint and Amended Complaint does not set out federal subject matter jurisdiction.

### THIRD DEFENSE

Eugene failed to timely and/or properly initiate and/or exhaust the Administrative Remedies

Procedures and/or grievance procedures as to all of his claims.  Accordingly, Eugene cannot proceed

with the suit.

**ANSWER TO COMPLAINT**

1.

All allegations of Paragraph 1 of the Complaint are denied for lack of sufficient information upon which to base a belief.

2.

All allegations of Paragraph 2 of the Complaint are denied.

3.

All allegations of Paragraph 3 of the Complaint are denied, except to admit there are contracts that govern the operation of Winn Correctional Center. ("WCC").

4.

All allegations of Paragraph 4 of the Complaint are denied.

5.

All allegations of Paragraph 5 of the Complaint are denied.

6.

All allegations of Paragraph 6 of the Complaint are denied.

7.

All allegations of Paragraph 7 of the Complaint are denied as written.

8.

All allegations of Paragraph 8 of the Complaint are denied.

9.

All allegations of Paragraph 9 of the Complaint are denied.

10.

All allegations of Paragraph 10 of the Complaint are denied.

11.

The allegations of Paragraph 11 of the Complaint are admitted based upon information and belief.

12.

All allegations of Paragraph 12 of the Complaint are admitted insofar as Eugene submitted a Health Care Request Form dated October 31, 2016 regarding dental.  All other allegations of Paragraph 12 of the Complaint are denied for lack of sufficient information upon which to base a belief.

13.

It is admitted that records indicate that Eugene was treated at the office of H.D. Gaddis, Jr. D.D.S. on or about August 31, 2017.  All other allegations of Paragraph 13 of the Complaint are denied for lack of sufficient information upon which to base a belief.

14.

All allegations of Paragraph 14 of the Complaint are denied for lack of sufficient information upon which to base a belief.

15.

All allegations of Paragraph 15 of the Complaint are denied for lack of sufficient information upon which to base a belief.

16.

All allegations of Paragraph 16 of the Complaint are denied for lack of sufficient information upon which to base a belief.

17.

The document referenced is in writing and is the best evidence of its contents. All other allegations of Paragraph 17 of the Complaint are denied for lack of sufficient information upon which to base a belief.

18.

The document referenced is in writing and is the best evidence of its contents. All other allegations of Paragraph 18 of the Complaint are denied for lack of sufficient information upon which to base a belief.

19.

All allegations of Paragraph 19 of the Complaint are denied for lack of sufficient information upon which to base a belief.

20.

All allegations of Paragraph 20 of the Complaint are denied to the extent it implies Warden Deville received the document referenced.

21.

All allegations of Paragraph 21 of the Complaint are denied.

22.

All allegations of Paragraph 22 of the Complaint are denied.

23.

All allegations of Paragraph 23 of the Complaint are denied.

24.

All allegations of Paragraph 24 of the Complaint are denied.

25.

All allegations of Paragraph 25 of the Complaint are denied.

26.

The allegations of Paragraph 26 of the Complaint do not appear to require a response from the Defendants, however, out of an abundance of caution, all allegations of Paragraph 26 of the Complaint are denied.

27.

The allegations of Paragraph 27 of the Complaint do not appear to require a response from the Defendants, however, out of an abundance of caution, all allegations of Paragraph 27 of the Complaint are denied.

28.

The allegations of Paragraph 28 of the Complaint do not appear to require a response from the Defendants, however, out of an abundance of caution, all allegations of Paragraph 28 of the Complaint are denied.

29.

All allegations of Paragraph 1 of Claims are denied.

30.

All allegations of Paragraph 2 of Claims are denied.

31.

All allegations of Paragraph 3 of Claims are denied.

### ANSWER TO AMENDED COMPLAINT [DOC. 10]

32.

All allegations of Paragraph 1 of the Amended Complaint [Doc. 10] are denied for lack of sufficient information upon which to base a belief.

33.

The allegations of Paragraph 1 of the Amended Complaint [Doc. 10] are admitted insofar as Deville issued the Administrative Remedy Procedure response dated March 22, 2018, which writing is attached to Eugene's Amended Complaint and is the best evidence of its contents. All other allegations of Paragraph 2 of the Amended Complaint [Doc. 10] are denied for lack of sufficient information upon which to base a belief.

34.

All allegations of Paragraph 3 of the Amended Complaint [Doc. 10] are denied for lack of sufficient information upon which to base a belief.

35.

All allegations of Paragraph 4 of the Amended Complaint [Doc. 10] are denied for lack of sufficient information upon which to base a belief.

36.

The allegations of Paragraph 5 of the Amended Complaint [Doc. 10] are admitted insofar as the Administrative Remedy Procedure response dated March 22, 2018 is  in writing and is the best evidence of its contents. All other allegations of Paragraph 5 of the Amended Complaint [Doc. 10] are denied for lack of sufficient information upon which to base a belief.

37.

The allegations of Paragraph 6 of the Amended Complaint [Doc. 10] are admitted insofar as a document labeled "2015 Offender Handbook" is attached to Eugene's Amended Complaint and is the best evidence of its contents. All other allegations of Paragraph 6 of the Amended Complaint [Doc. 10] are denied for lack of sufficient information upon which to base a belief.

38.

All allegations of Paragraph 7 of the Amended Complaint [Doc. 10] are denied for lack of sufficient information upon which to base a belief.

39.

All allegations of Paragraph 8 of the Amended Complaint [Doc. 10] are denied.

40.

All allegations of Claim 4 of the Amended Complaint [Doc. 10] are denied.

**FOURTH DEFENSE**

Defendants aver that Eugene's claims made under 42 U.S.C. § 1983, et seq., will be determined to be unfounded and not adequately supported by facts or law; accordingly, pursuant to 42 U.S.C. § 1988, Defendants are entitled to all costs of suit, including reasonable attorneys' fees.

**FIFTH DEFENSE**

Defendants aver that, at all times herein, their actions were reasonable, justified, and legally permissible under the circumstances.

**SIXTH DEFENSE**

All individual Defendants plead that they are entitled to qualified immunity. (See Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100, 138 L. Ed.2d 540 (1997), and dissent of Justice Scalia, Filansky v. Delia, 566 U.S. 377, 132 S.Ct. 1657, 182 L.Ed.2d 662 (2012), Saenz v.

G4S Secure Solutions, 224 F.Supp 3d 477 (W.D. Tex 12/20/16) and Moore v. LaSalle Corrections, Inc.,2020 WL6389182 (W.D. La. 10/30/2020)).

## SEVENTH DEFENSE

All claims and actions asserted by Eugene predicated upon actions or events occurring before August 20, 2017 are prescribed.

WHEREFORE, Defendants, WARDEN KEITH DEVILLE AND JODY FLOYD, pray that:

(1)  This Answer be deemed good and sufficient;

(2)  After due proceedings are had, there be judgment herein dismissing plaintiff's claims, at his costs;

(3)  For all costs herein, including reasonable attorneys' fees;

(4)  That plaintiff's claims be declared frivolous; and

(5)  For all other just, general and equitable relief.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By:/s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800
P.O. Drawer 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9650
ATTORNEYS FOR DEFENDANTS,
WARDEN KEITH DEVILLE AND
JODY FLOYD

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of November, 2020, I electronically filed the foregoing ANSWER TO COMPLAINT AND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following: NONE

I further certify that I have forwarded the foregoing document via first-class mail to the following non-CM/ECF participant:

Plaintiff,
Jason Eugene
188905
Bossier Parish SHISAP 90 Reentry Facility
181 McCauley Rd
Plain Dealing, LA 71064
PRO SE

　　　　　　　　/s/ H. Bradford Calvit
　　　　　　　　H. BRADFORD CALVIT