UNITED STATES DISTRICT COURT                    b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JASON EUGENE,                         CIVIL ACTION NO. 1:18-CV-01077
Plaintiff

VERSUS                                JUDGE DRELL

KEITH DEVILL, WARDEN, ET              MAGISTRATE JUDGE PEREZ-MONTES
AL.,
Defendants

## MEMORANDUM ORDER

Jason Eugene ("Eugene") filed a motion for court-appointed counsel.  ECF No. 67.  Eugene contends in his motion that he cannot afford to retain an attorney.  Eugene alleges in his complaint that Defendants delayed providing him dental care for 10 months, causing him unnecessary pain.  Eugene further alleges the delay in medical care was due to a reduction in the prison medical staff as a cost-saving measure.  He seeks monetary relief, including punitive damages.  ECF No. 10.

The law in the Fifth Circuit is settled that, "[g]enerally speaking, no right to counsel exists in a Section 1983 action." *See Jackson v. Cain*, 864 F. 2d 1235, 1242 (5th Cir. 1989).  Appointment of counsel in such actions is authorized only in "exceptional circumstances." *See Archie v. Christian*, 812 F. 2d 250, 253 (5th Cir. 1987).  In *Robbins v. Maggio*, 750 F. 2d 405, 412 (5th Cir. 1985), the court stated that, although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will turn on the quality of the case and the abilities of the individual bringing it.

The test was further elaborated in *Jackson v. Dallas Police Department*, 811 F.2d 160, 261-62 (5th Cir. 1986), in which the court held that the presence of exceptional circumstances involved consideration of several factors, including the type and complexity of the case, the indigent's ability to adequately investigate and present his claims, and the degree of skill necessary to present the case at trial. *See also Norton v. Dimazana*, 122 F. 3d 286, 293 (5th Cir. 1997).

A review of the record in this case reveals no exceptional circumstances warranting appointment of counsel at this time. The legal issues involve the application of well-established and long-standing principles and the circumstances surrounding Eugene's claims are not particularly complex or unusual. While the Court has no specific information regarding Eugene's skills and education, he has demonstrated that he is capable of drafting a complaint and motions, and has successfully handled an appeal.[1]

Accordingly,

IT IS ORDERED that Eugene's motion for appointment of counsel (Doc. 65) is DENIED.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this 20th day of July 2021.

Joseph H.L. Perez-Montes
United States Magistrate Judge

---

[1] On appeal, the Fifth Circuit also denied Eugene's motion for court-appointed counsel. ECF No. 22.